CONE *v.* VIRGINIA-CAROLINA CHEMICAL CORPORATION.

(Division B.   May 24, 1937.)

[174 So. 554.   No. 32733.]

Edwards & Edwards, of Mendenhall, for appellant.

Green, Green & Jackson, of Jackson, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant, plaintiff in the court below, brought suit against appellee, defendant there, for alleged injuries caused by contact of appellant's hands with commercial fertilizer sold him by the appellee.

Appellant, in his declaration, alleged that appellee was engaged in the manufacture, packing, sale, and distribution of commercial fertilizers, and had been so engaged for many years in Mississippi and adjoining states; that appellant purchased fertilizer from one of appellee's agents in March, 1936, in the town of Magee, in Simpson county, Miss., which was manufactured, sacked or packed, labeled, branded, and tagged by appellee, and on said tags was printed the following: "100 lbs High Grade Sulphate of Ammonia, Guaranteed Analysis, Nitrogen 20 per cent. Sold by Virginia-Caro-

lina Chemical Corporation, Jackson, Mississippi.'' It was further alleged in the declaration that about the 9th day of March, 1936, appellant opened a sack of this fertilizer, and noticed that it contained yellow lumps, and that he began crushing these lumps in order to mix it with another type of fertilizer, using his hands for that purpose, and as he squeezed said lumps a yellow fluid ran out of said lumps onto his hands, and that after he had been so engaged for approximately one hour his hands began to itch, sting, and burn to such an extent that he immediately went and washed his hands, and after this appellant did not touch this fertilizer again, but on the following morning his hands had become so swollen, red, and inflamed that he went to a physician to be healed, who dressed his hands; that his middle finger on the left hand at the knuckle, and the forefinger on the right hand around the knuckle, rotted to the bone and became putrid, red, inflamed, and swollen, and that, although he went to several physicians who prescribed for him, this condition grew worse from day to day, all of which was caused by the sulphuric acid in the fertilizer, and that he is yet under treatment of physicians. He further alleged that the direct and proximate cause of his injuries was the willful, gross, and wanton negligence of appellee in the manufacture of the fertilizer, in improperly mixing ammonia with the sulphate acid, and negligently sacking and selling said improperly mixed chemicals. It was further alleged that appellee well knew the general custom of the farmers to handle with their hands commercial fertilizers, or could have anticipated that sulphate of ammonia, as was there sacked, was an inherently dangerous substance, and its failure to give the public notice of its dangerous qualities constituted a violation of its legal duty to the appellant and the general public.

There was filed a motion to remove this cause to the

federal court on account of diversity of citizenship, which motion was overruled.

The appellee filed a plea of the general issue, with notice thereunder that it is not now, and has never been, a manufacturer of commercial sulphate; that it is a retailer and obtains its supply in the open market upon a guaranteed analysis of nitrogen content, and that it was not responsible for the injuries of the appellant.

Appellee also filed a special plea stating that it had no part in the manufacture of the fertilizer and that it bought the same upon a guaranteed nitrogen content, and that, so far as they knew, there had not been any injury.

Appellant filed a replication to this special plea, and also to the notice under the plea of the general issue.

On the trial there was not shown any analysis of the fertilizers handled by the appellee, nor was there any proof that the appellee was engaged in the manufacture of fertilizers, or had any knowledge of the alleged dangerous condition, or the preparation of the elements constituting a fertilizer.

The appellant testified in his own behalf, and had the physicians who treated him to also testify as to his injuries, from which there appears to have been a dangerous condition of his fingers, and that he was put to much expense and delay in being restored to a normal condition.

It appeared from the testimony of the appellant and his witnesses that this brand of fertilizer had been handled by farmers for many years, and that no previous injury had been sustained by any of them. The appellant was thirty-eight years old, and had been engaged in farming all his lifetime and had handled this brand of fertilizer, and other brands, for many years without any injury until the one in the case at bar. Appellant introduced a professor of chemistry who testified as to the effect of improperly mixed ingredients contained in

this fertilizer sold by the appellee. This chemist did not analyze the fertilizer, or show how it was prepared and how it was produced.

By the plea of the general issue, the appellant was put to the proof of establishing the material allegations in his declaration, and yet he did not prove that the appellee manufactured the fertilizer involved in the case at bar, or that it had any knowledge of its being improperly prepared, or that it was, in fact, dangerous, other than the proof from the injury itself.

The fertilizer was put out by an employee of the appellant, and he testified that he used gloves in so doing, and received no injury.

There is also no proof that the appellee knew how the farmers put out fertilizers.

We think the appellant, having elected to proceed in tort, failed to prove any actionable tort upon the part of the appellee.

A person who buys articles not constituting food, drink or medicine, to be taken internally, cannot hold the seller liable for injury if such articles were bought from a reputable manufacturer or dealer. A distinction must be borne in mind between those substances constituting food, drink or medicine, to be taken internally, and those intended for use on external objects. A manufacturer of fertilizer is not under the same liability as a warrantor as those selling foodstuffs, drink or medicine, to be taken into the body.

We are of the opinion that the appellant's evidence, asuming all it tends to prove, is insufficient to make a case of liability, consequently the circuit judge was correct in granting the peremptory instruction for the appellee.

Affirmed.